AUSTIN v. MURDOCK.

(December 22, 1900.)

1. *Parties—Corporation—Subscriptions—Fraud—Deceit.*

   Where persons are sued for fraud and deceit in procuring sub-
   scriptions to a future corporation, the corporation is not a
   necessary party defendant.

2. *Corporations—Election of Remedies—Stock—Subscrip-
   tions—Fraud—Deceit.*

   Where persons seek to recover for fraud in inducing them to
   subscribe for stock in a future corporation, they are not
   bound to seek redress from the corporation before suing
   those who had practised the fraud.

3. *Evidence—Sufficiency—Corporations—Fraud—Deceit.*

   Evidence in this case held sufficient to be submitted to the
   jury on the question whether certain parties were induced
   by fraud and deceit to subscribe for stock in a future cor-
   poration.

CIVIL ACTION by J. D. Austin, H. T. Sawyer, R. W. Ivey,
G. C. Heglar, W. M. Ivey, H. S. Trott, J. L. Palmer, Rich-
ard Carmon, J. L. Culp, Cline Austin, R. J. Ross, J. L.
Palmer, and B. F. Ivey, executors of J. R. Ivey, deceased,
against F. J. Murdock, N. B. McCanless, and The Silver
Springs Cordage Company, a corporation, heard by Judge
T. A. McNeill and a jury, at December Term, 1899, of
STANLY Superior Court. From an order dismissing the
complaint and directing a nonsuit, the plaintiffs appealed.

*Montgomery & Crowell,* for the plaintiff.
*Lee S. Overman,* for the defendants.

MONTGOMERY, J.  This action was brought by the plain-
tiffs against the defendant for an alleged fraud and deceit

practiced on the plaintiffs by the defendant in the procure-
ment of certain subscriptions, in money and notes, for the
purpose of buying machinery to be used by a corporation
thereafter to be formed, and to consist of the subscribers, the
defendant, and others. The corporation, The Silver
Springs Cordage Company, and one McCanless, were also
made defendants, but nonsuits have been taken as to them.
The defendant, in his answer, denied all the allegations of
fraud and deceit alleged in the complaint. Upon the reading
of the pleadings the defendant moved to dismiss
the complaint because it did not state a cause of action,
for that (1) "The complaint does not show that the
representations made by the defendant bound the corpora-
tion; (2) that the complaint does not allege that upon the
discovery of the fraud alleged the plaintiffs immediately dis-
affirmed the contract; (3) that from the admissions in the
pleadings and the plea in avoidance, not ·denied, shows an
affirmation and ratification of the contract; (4) that the com-
plaint does not allege that the plaintiffs made any effort to get
redress within the corporation, or requested any action taken;
(5) because the corporation and the stockholders are not
made parties to the action." The motion was not acted on
at the time, but at the close of the evidence his Honor ad-
judged that "upon an examination of the record and the
pleadings in the case, and upon the motion of the defendant
to nonsuit plaintiff at the close of the testimony, the said
motion be allowed."

The corporation was in no way involved in the matter
of which the plaintiffs complain of the defendants. It was
alleged in the complaint that before the corporation was
formed the plaintiffs were induced to pay money and to sub-
scribe for stock in the corporation by the false statements of
the defendant—the statements alleged to have been known to
be false when made. If such was the fact, the defendant was

liable, and the corporation had no connection with the matter. ' Cooley, Torts, p. 504. And for the same reason the plaintiffs were not put to their election between the remedy they chose to seek and any other. The matter set up in the answer in avoidance does not profess to relieve the defendant in the matter of which the plaintiffs complain, and, besides, did not exist when the action was commenced, but occurred afterwards. The correctness of his Honor's ruling depends, then, on whether there was any evidence which ought to have been submitted to the jury on the issues joined between the parties. It seems that a majority of the plaintiffs (in number and in value of stock) testified on the trial that they had not been injured by the representations (made in a public address) of the defendant, for they had paid nothing, and several of the largest said that they claimed no damages. And several said that the defendant himself expressed disappointment at the machinery when it arrived, declaring it was not such as it was represented to him to be. The plaintiffs, Palmer and Carmon, testified that Will Ivey induced them to subscribe, and it appeared that Ivey was employed about the machinery, after it was put in place, at $1.75 per day, but that he could not run it, and another person was employed in his place. Certainly the evidence of the last-named witness, and that of his father, both of whom testified that they subscribed in money and notes to the stock of the corporation, and upon the representations of the defendant, was more than a scintilla and the jury should have had it, with all the competent evidence in the case, submitted to them upon the issues between the parties, with proper instructions from his Honor.

New trial.